PEOPLE v. MULCAHY.

(Court of General Sessions, New York County.   October 30, 1914.)

CRIMINAL LAW ⬤⇒231—TRIAL—DEFENDANT'S RIGHT TO PRODUCE WITNESSES.
    Where the complainant testified at a preliminary hearing to certain admissions made by defendant when he was served with summons, which defendant denied, the refusal by the magistrate of defendant's request for permission to produce a witness who was present when the summons was served to disprove the admission violated the right to produce witnesses in his behalf, given by Code Cr. Proc. § 8, subd. 3, and requires a reversal of the conviction.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 412, 479–481;  Dec. Dig. ⬤⇒231.]

John Mulcahy was convicted of disorderly conduct tending to a breach of the peace, and he appeals.   Reversed, and new trial granted.

Dwight W. De Motte, of New York City, for appellant.
The District Attorney, for the People.

ROSALSKY, J.   The defendant, pursuant to a summons, appeared in the Fourth District City Magistrates' Court to answer a charge of disorderly conduct tending to a breach of the peace.   The magistrate conducted a preliminary hearing to inquire into the subject-matter of the charge made against the defendant, in the course of which the complainant testified that at the time that he served a summons upon the defendant he admitted to him that he operated the automobile on the night in question, when it ran into the complainant's horse and injured it.

The defendant denied that he either operated the automobile which collided with the complainant's horse, or that he made any admission to the complainant at the time that the summons was served upon him, and requested the magistrate to permit him to produce a witness who was present when the summons was served, to disprove that any such conversation took place.   It is manifest that the only opportunity that the defendant had of knowing that the complainant would testify to this alleged admission was upon his arraignment.   The refusal of the magistrate, in these circumstances, to allow the defendant to produce a material witness to contradict the testimony of the complainant, was in violation of one of the defendant's rights, namely, to produce witnesses in his behalf, in accordance with subdivision 3 of section 8 of the Code of Criminal Procedure.

As this error affected a substantial right of the defendant, the judgment of conviction must be reversed, and a new trial granted.

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes